## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMPARO Y. VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-4061-JAR |
| | ) | |
| TARGET CORPORATION., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Now before the Court is plaintiff Amparo Y. Vasquez's Motion to Remand (Doc. 6). This action was removed to this Court by defendant Target Corporation on May 4, 2009 based on diversity jurisdiction.  Plaintiff seeks remand, claiming that this Court lacks removal jurisdiction based on 28 U.S.C. § 1445(c).  The Court has reviewed the parties' briefs and cited case law.  For the reasons stated below, plaintiff's motion to remand is denied.

## Background

Plaintiff filed her Petition in the District Court of Shawnee County, Kansas, alleging that she was injured while employed at defendant's distribution center in Topeka, Kansas, and that defendant terminated her in retaliation for her potential filing of a workers' compensation claim. Plaintiff began working at defendant's distribution center in 2004.  Sometime before July 2007, plaintiff began to experience pain in her hands.  Defendant provided therapy treatment for the pain and plaintiff returned to work shortly after.  Soon after returning to work, plaintiff again suffered injury, this time pain in her knees.  Again, defendant provided therapy treatment and plaintiff was released to work.  Around July 2007, plaintiff met with defendant's human

resources department and was terminated because she removed a beverage belonging to another employee from a communal refrigerator. Plaintiff claims that she was the owner of the beverage she removed from the refrigerator, and that another employee purchased and placed it there for her future consumption. Prior to her termination, plaintiff was not warned or disciplined for any wrongful conduct. At the time of her termination, plaintiff had not filed a workers' compensation claim.

## Discussion

28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The issue before the Court is whether a Kansas claim for retaliatory discharge arises under the state's workers' compensation laws. Whether a claim arises under the state's workers' compensation laws is a question of federal law.[1] A case arises under federal law where the well-pleaded complaint establishes that federal law creates the cause of action or where plaintiff's right to relief depends on a resolution of federal law.[2] A number of courts have addressed the issue based on other states' workers' compensation laws. In those cases where a state has codified a retaliatory discharge cause of action, courts usually conclude that the claim arises under the states' workers' compensation laws for purposes of § 1445(c).[3] But in those cases where the retaliatory discharge claim stems from the common law, the courts have held

---

[1]*Humphrey v. Sequentia*, 58 F.3d 1238, 1245 (8th Cir. 1995) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972)); *Vignery v. Ed Bozarth Chevrolet, Inc.*, No. 08-4144, 2009 WL 635128, at * 2 (D. Kan. Mar. 10, 2009); *Rubio v. McAnally Enter., L.L.C.*, 347 F. Supp. 2d 1052, 1053 (D.N.M. 2005).

[2]*Vignery*, 2009 WL 635128, at * 2 (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

[3]*See, e.g., Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).

that they were properly removed.[4]

The Tenth Circuit, in *Suder v. Blue Circle, Inc.*, determined that a claim for retaliatory discharge under Oklahoma law was improperly removed under § 1445(c).[5]  In that case, Oklahoma provided a statutory right under its workers' compensation laws for a claim of retaliatory discharge.[6]  The Court reasoned that because the Oklahoma statute did not have its genesis in any tort law of the state, the codified cause of action arose under the Oklahoma's Workers' Compensation Laws.[7]  In this case there is no comparable statute; rather the retaliatory discharge claim stems from Kansas common law.[8]

In *Vignery*, Judge Crow utilized a test gleaned from the Second Circuit and cited by the Tenth Circuit with approval.  In order to decide if a claim arise under the Kansas's Workers' Compensation Act ("Act"), Judge Crow held that a claim arises under the Act if: (1) the complaint is for a remedy expressly granted by the Act; or (2) the complaint asserts a claim requiring construction of the Act.[9]

Applying that test, the Court easily concludes that a retaliatory discharge claim for filing a workers' compensation claim does not arise under the Act.  First, the Act does not provide a

---

[4]*See, e.g., Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir.1995); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725-26 (7th Cir. 1994).

[5]116 F.3d at 1352.

[6]*Id.*

[7]*Id.*

[8]*See Murphy v. City of Topeka, Shawnee County Dept. of Labor Servs.*, 630 P.2d 186, 192 (Kan. Ct. App. 1981) (holding that a claim for retaliatory discharge based on an employees's filing of a workmen's compensation claim is a viable cause of action).

[9]*Vignery*, 2009 WL 635128, at * 3 (citing *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1050 (10th Cir. 2006)).

specific right or remedy for retaliation; rather, the claim stems from the common law and from the public policy of the state of Kansas.[10]  Second, the elements of a retaliation claim do not require any discussion or construction of the underlying Act.[11]  In fact, the Act can be replaced with any other employment or labor regulation and the elements and discussion would remain the same under Kansas law.  In Kansas, to establish a claim for retaliatory discharge a plaintiff is required to prove that she filed a claim for workers' compensation or sustained an injury for which a claim for workers' compensation may arise, that the employer had knowledge of her claim or injury, that the employer terminated her, and that there is a causal connection between her claim or injury and her termination.[12]  No discussion of the Act is required to resolve plaintiff's allegations under this formulation.

Yet, plaintiff argues that her claim of retaliatory discharge arises under the Act because a retaliation claim could not exist without the Act.  But even without the Act, a claim for retaliatory discharge would exist.  As Judge Crow explained, because the Act is merely a premise for the tort does not mean that the tort arises under the Act; instead, the Act is present only indirectly as evidence of public policy.[13]

Additionally, plaintiff cites to *Jones v. Roadway Express, Inc.* as support for her position that a common law retaliatory discharge claim arises under the Act.[14]  In *Jones*, the Fifth Circuit found that Texas codified a general cause of action for retaliatory discharge for filing a workers'

---

[10]*See Murphy*, 630 P.2d at 192.

[11]*See Rubio v. McAnally Enter., L.L.C.*, 374 F. Supp. 2d 1052, 1054 (D.N.M. 2005).

[12]*See Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 35 P.3d 892, 898-99 (Kan. 2001).

[13]*Vignery*, 2009 WL 635128, at * 3 (citing *Rubio*, 374 F. Supp. 2d at 1054).

[14]931 F.2d 1086 (5th Cir.1991).

compensation claim.[15]  The Texas statute provided that "[n]o person may discharge . . . any employee because the employee has . . . filed a claim . . . under the Texas Workmen's Compensation Act . . . ."[16]  Interpreting § 1445(c) broadly to include any retaliation claim based on a states' workers' compensation laws, the Fifth Circuit concluded that the cause of action arose under the Texas Workmen's Compensation Act.[17]  The Fifth Circuit, however, failed to conduct any analysis as to whether the claim actually arose under § 1445(c), even though it noted that the issue of whether a claim arises under a states' workers' compensation laws is one of federal law.[18]  Instead, the Fifth Circuit appears to have held that the claim arises under the states' scheme merely because it is codified.[19]

Citing to the legislative history of § 1445(c), plaintiff argues Congress intended to prevent the removal of a claim for workers' compensation retaliatory discharge.  The Court, however, need not analyze legislative history where the statute is clear and unambiguous on its face.[20]  The statute provides that any case arising under the states' workmen's compensation laws

---

[15]*Id.* at 1089.

[16]*Id.* (citing Tex. Rev. Civ. Stat. Ann. 8307c § 1).

[17]*Id.* at 1092.

[18]*Id.*

[19]Plaintiff cites to the analyses in *Jones*, *Reed*, and *Suder* as untenable because although these courts pen the issue as one of federal law, each court appears to rely exclusively on the fact that because the action is codified, it arises under the states' workers' compensation laws.  Specifically, plaintiff argues that Congress did not intend for § 1445(c) to require a state legislature to codify a cause of action before it "arises under" the states' workers' compensation laws where there is no substantive difference between the elements of a cause of action.  Plaintiff's argument is for another day.  Here, the Court is not faced with a statutory claim.  *But cf. Thornton v. Denny's, Inc.*, No. 92-1368, 1993 WL 137078 (6th Cir. Apr. 29, 1993) (finding that the statutory cause of action for retaliatory discharge under the Michigan Workers' Compensation Act is simply a codification of the common law claim and the codification of the claim does not mean that it arises under the Michigan's Workers' Compensation Laws).

[20]*See City of Rome v. United States*, 446 U.S. 156, 200 (1980).

is not removable.  Applying the appropriate analysis, the Court has concluded that plaintiff's retaliation claim does not arise under the Act.

But even if the Court were to look to the legislative history, the same conclusion would be warranted.  Congress enacted § 1445(c) to prevent the removal of workers' compensation claims that were otherwise adjudicated in federal court based on diversity jurisdiction.  In making its decision, Congress considered a report by the Division of Procedural Studies and Statistics that indicated the workload in federal courts was extremely high and that in states like Texas and New Mexico, workers' compensation claims were a large part of the courts' dockets.[21]  Second, Congress realized that removal of workers' compensation claims tended to undermine the states' procedures to evaluate and extinguish these cases.[22]  Third, Congress found that workers' compensation claims generally involved no federal issues.[23]  Implicit in Congress' reasons for preventing removal of these claims was its thought that the states had in place expedited procedures for an employee to obtain compensation for injury sustained while on the job.[24]

Here, however, a retaliation claim is not accounted for in the state's workers' compensation laws, and even if a cause of action is codified, there are no real expedited procedures that would enable a worker to promptly receive compensation for adverse actions related to work-related injuries.  Rather, an action for retaliation is essentially the same as in

---

[21]Donna C. Peavler, *Removing the Removal Mystery: When Work-Related Claims are Removable Under 28 U.S.C. § 1445(c)*, 2 FED. CTS. L. REV. 27, 30 (Fall 2007) (citing S. REP. NO. 85-1830 at 8 (1958)).

[22]*Id.*

[23]*Id.*

[24]*Id.* at 31 (citing S. REP. NO. 85-1830 at 8-9).

most states, generally requiring plaintiff to show that she was injured or filed a workers'

compensation claim and that she suffered adverse action.[25]  These claims do not go to the merits

of the underlying workers' compensation claim.  Accordingly, plaintiff's retaliatory discharge

claim does not arise under the Act.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remand (Doc. 6) is

denied.

**IT IS SO ORDERED.**

Dated:  June 22, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25]*See Bloom v. Metro Heart Grp. of St. Louis*, 440 F.3d 1025, 1028 (8th Cir. 2006); *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F.3d 1058, 1062 (7th Cir. 2001); *Bates v. Cooper Indus.*, 957 F. Supp. 125, 127 (M.D. Tenn. 1997); *Leslie v. St. Vincent New Hope, Inc.*, 916 F. Supp. 879, 888 (S.D. Ind. 1996); *Ayers v. ARA Heath Servs. Inc.*, 918 F. Supp. 143, 149 (D. Md. 1995); *Jackson v. Morris Commc'ns Corp.*, 657 N.W.2d 634, 641 (Neb. 2003); *Leggett v. Centro, Inc.*, 887 S.W.2d 523, 524 (Ark. 1994); *Cardwell v. Am. Linen Supply*, 843 P.2d 596, 598-99 (Wyo. 1992); *Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 806-07 (Okla. 1988)*; Artega v. Brink's Inc.*, 163 Cal. App. 4th 327, 356 (Cal. Ct. App. 2008); *Salter v. E& J Healthcare, Inc.*, 575 S.E.2d 46, 51 (N.C. Ct. App. 2003); *Waldrip Wrecker Serv., Inc. v. Wallace*, 758 So. 2d 1110, 1114 (Ala. Civ. App. 1999); *Erisoty v. Merrow Mach. Co.*, 643 A.2d 898, 900 (Conn. Ct. App. 1994).